UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BOWEN DEWEY SOULIER                           CIVIL ACTION

VERSUS                                        NUMBER: 05-2647

RANDY PINION                                  SECTION: "B"(5)


### REPORT AND RECOMMENDATION

This 42 U.S.C. § 1983 proceeding, initially filed in the United States District Court for the Middle District of Louisiana and thereafter transferred to this Court, was instituted in forma pauperis by pro se plaintiff, Bowen Dewey Soulier, against defendant, Major Randy Pinion of the Tangipahoa Parish Jail ("TPJ"). (Rec. doc. 1). Plaintiff, an inmate of TPJ at the time that suit was filed, complained of a lack of needed medical care and generally unsanitary conditions at the jail. (Id.).

After filing suit, plaintiff was transferred to two different jail facilities, first to the Hunt Correctional Center and then to the Avoyelles Correctional Center ("ACC") in Cottonport, Louisiana. (Rec. docs. 5, 6). Subsequently, on February 24, 2006, the Court issued its standard Briefing Order directing plaintiff to file in

the record of his proceeding, on or before March 29, 2006, a statement of the facts expected to be proven at trial, a list of documents to be offered as exhibits, and a list of intended witnesses.  (Rec. doc. 8).  A copy of the Briefing Order was mailed to plaintiff at his address of record but was returned to the Court on March 8, 2006 with a notation that plaintiff had "MOVED FROM ACC."  (Rec. doc. 9).  It has now been over thirty days since the foregoing piece of mail was returned to the Court and no correction has been made to plaintiff's current mailing address.  Plaintiff has also failed to provide the Court with the information sought by the Briefing Order.

     Local Rule 11.1E provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to apprise the court of any address change."  Local Rule 41.3.1E further provides that "[t]he failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days."  The foregoing Rules impose an affirmative obligation on parties to keep the court apprised of their correct mailing addresses and relieves court personnel of that burden.  The importance of this obligation was noted by the Fifth Circuit years ago when it stated that "[i]t is incumbent upon litigants to inform the clerk of address changes,

for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." Perkins v. King, 759 F.2d 19 (5th Cir. 1985) (table).  Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of the plaintiff to prosecute his case or to comply with a court order.  Lopez v. Aransas County Independent School District, 570 F.2d 541 (5th Cir. 1978).

As noted above, plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1E.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the last page of which states that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."  (Rec. doc. 1, pt. 2, p. 11).  The Court must therefore assume that plaintiff has no further interest in prosecuting this case.  Plaintiff has also failed to provide the Court with the information sought in the Briefing Order.  As plaintiff is proceeding pro se in this matter, these failures are attributable to him alone.

## RECOMMENDATION

For the foregoing reasons, it is recommended that plaintiff's

suit be dismissed for failure to prosecute pursuant to Local Rule 41.3.1E and Rule 41(b), Federal Rules of Civil Procedure.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequence will result from a failure to objection.  Douglass v. United States Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this  25th  day of    April   , 2006.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE